## Derry Borough Annexation Case.

Argued April 17, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Fred B. Trescher*, with him *Kunkle, Trescher & Snyder* and *Smith, Best & Horn*, for appellant.

*John S. Lightcap, Jr.*, for appellee.

OPINION BY RENO, J., July 19, 1946:

On December 1, 1941, the Borough of Derry enacted an ordinance annexing described territory in adjacent Derry Township. The school district of the township appealed, and the court below, finding technical defects in the record, sustained the appeal, and by its order of December 21, 1942, set aside the ordinance and the proceedings thereon.

Subsequently petitions for the annexation of substantially the same territory were filed, and on July 12, 1943, the borough again enacted an appropriate ordinance. The school district again appealed, and the court below dismissed the appeal. The school district brought the case here, and its sole contention is that the second annexation ordinance is invalid because it was enacted within five years from the date of the order of the court setting aside the first ordinance.

The contention is based upon the proviso inserted into §425 of the General Borough Act by the Act of May 18, 1933, P. L. 818, §1, 53 PS §12461: "Provided, That if an ordinance to make such annexation is *defeated*, no other proceeding for the annexation of the same territory, or any part thereof, shall be had within five years thereof." (Italics supplied). Appellant argues that the order of the court of 1942 "defeated" the ordinance, and that thereby annexation of the territory was stayed for five years.

Appellant relies upon the broad etymological definition of defeat, that is, an undoing, an overcoming, a frus-

tration. It must be acknowledged that the word is not unknown to the law in that sense. Thus, colloquially but without technical accuracy, we speak of defeating a title, defeating a will; defeating a claim. Be that as it may, the word must be read in its context. In common with words generally, "defeated" takes on a varying meaning in varying surroundings, and when its setting is considered it will be discovered that the legislature clearly indicated its intent to use the word according to its "common and approved usage" (Statutory Construction Act of May 28, 1937, P. L. 1019, §33, 46 PS §533) and as descriptive of a result attained by legislative, not judicial, processes.

The General Borough Act of May 4, 1927, P. L. 519, 53 PS §12222 et seq., prescribes two methods whereby adjacent territory may be annexed to a borough: (a) by action of a court, and (b) by action of the borough council. Under the first, provided by §§410-413, as amended by the Act of 1933, supra, 53 PS §§12411-14, the freeholders of the territory who desire annexation petition the court of quarter sessions which lays the petition before the grand jury. If it approves, it certifies that fact to the court which "may make such order thereon as to right and justice shall appertain." It is further provided: "If the grand jury shall not *approve* or the court shall not *confirm* the petition, no other proceeding for the annexation of the same territory, or any part thereof, shall be had within five years thereafter." (Italics supplied). The second method is provided by §§425-427, as amended by the Act of 1933, supra, and under it the petition is presented to the borough council which may enact an annexation ordinance, with the proviso, already quoted in full, that should the ordinance, *not the proceeding,* be defeated, no other proceeding, *not another ordinance,* shall be had within five years.

It is apparent that the legislature carefully distinguished the two distinct processes. When it provided for annexation through judicial procedure it said "approved

and confirmed", words commonly used to signify the action of a court. When it prescribed the proceedings of the borough council, it used "defeated", an apt word generally employed to denote a result derived by following the legislative process. It cannot be doubted, we think, that by "defeated" the legislature contemplated adverse legislative action by the council upon an ordinance based upon the petition of the freeholders, and that, since "defeated" is directly related to "ordinance" and not to "proceeding" it did not intend that the term should also refer to the subsequent disapproval by the court upon an appeal to it.

This view is strengthened when the provisions of the act respecting appeals are examined. The General Borough Act, as amended by the Act of 1933, supra, 53 PS §12900, provides: "Complaint may be made to the court of quarter sessions . . . by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the *determination* and *order* of the court thereon shall be conclusive. The court shall have jurisdiction to review the propriety as well as the legality of ordinances effecting annexation of territory or laying out streets over private lands." (Italics supplied). Again the legislature, prescribing judicial procedure, used words, "determination and order", generally associated with the action of a court. The legislature knew the shades of meaning residing in "approve", "confirm", "determination", "order", and "defeated", and used them with discrimination and aptness. It had no intention of declaring that the adverse action of a court upon appeal from the enactment of the ordinance constituted a defeat of the ordinance.

The result is that where a petition to the court is not approved by a grand jury or not confirmed by the court, no other proceedings, including annexation by ordinance, may be had within five years; and where an ordinance is defeated by vote of the council no proceedings, including a petition to the court, may be had within five

years. But where an ordinance is enacted by the council, and set aside by the court, the five year prohibition does not apply.

Order affirmed.